**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JONATHAN SANDOVAL,

      Defendant-Petitioner,

v.                                                    No.    CV 16-410 LH/CG
                                                                      CR 11-2992 LH

UNITED STATES OF AMERICA,

      Plaintiff-Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (CV Doc. 12), filed November 14, 2016.[1] In the PFRD, Judge Garza concluded that Petitioner Jonathan Sandoval was not entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and recommended that his *Amended Motion to Vacate a Criminal Sentence Pursuant to 28 U.S.C. § 2255 (*Johnson v. United States*)* (the "Motion"), (CV Doc. 6), be denied. (CV Doc. 12 at 10).

The parties were notified that written objections to the PFRD were due within 14 days. (CV Doc. 12 at 10). Respondent United States of America filed *United States' Response to Magistrate Judge's Proposed Findings and Recommended Disposition* (the "Respondent's Objections"), (CV Doc. 14), on February 13, 2017; and Petitioner filed *Defendant-Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition* ("Petitioner's Objections"), (CV Doc. 13), filed February 10, 2017. Respondent also responded to Petitioner's Objections. (CV Doc. 15). After a

---

[1] Documents referenced as "CV Doc. \_\_\_\_" are from case number CV 16-410 LH/CG. Documents referenced as "CR Doc. \_\_\_\_" are from case number CR 11-2992 LH.

*de novo* review of the record and the PFRD, the Court adopts Judge Garza's PFRD in full, denies Petitioner's Motion, and denies the parties' objections.

## I. Background

This proceeding arises from Petitioner's agreement to plead guilty to one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Pursuant to a Rule 11(c)(1)(C) plea agreement, Petitioner stipulated that a 180 month sentence was appropriate for his crimes. (CR Doc. 67 at 5). Petitioner also stipulated he "may be an armed career criminal," which, if true, meant Petitioner's minimum sentence was 180 months. § 924(e)(1). If Petitioner were not an armed career criminal, his maximum sentence would have been 120 months. § 924(a)(2). Petitioner's presentence investigation report ("PSR") determined Petitioner was an armed career criminal based on prior convictions for residential burglary in New Mexico. (CR Doc. 96-1 at 1; 7).

An "armed career criminal" is a person with three prior convictions for a "violent felony." § 924(e)(1). When Petitioner was convicted, "violent felony" was defined in part as any crime that "is burglary, arson, or extortion . . . *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(A)(2). The italicized part of the definition is called the "residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court of the United States struck the residual clause as unconstitutionally vague and held it may not be used to increase a person's sentence. *Id.* at 2557.

On May 9, 2016, Petitioner filed his Motion arguing his sentence was unconstitutional following the holding in *Johnson*. (CV Doc. 1; 6). Petitioner argued that

"residential burglary" as defined by New Mexico law does not match the definition of "burglary" under § 924(e)(2)(A)(2); therefore, he argues, "residential burglary" in New Mexico only qualifies as a violent felony under the residual clause and he was sentenced in reliance on the residual clause. (CV Doc. 6 at 4).

Respondent countered with three procedural arguments and one substantive argument. (CV Doc. 11 at 5-6; 14-15). First, Respondent argued (1) Petitioner waived his right to collaterally attack his sentence in his plea agreement; (2) Petitioner's Motion is untimely because *Johnson* does not apply to his case; and (3) Petitioner forfeited his right to challenge his sentence by pleading guilty and stipulating to the 180 month sentence. (CV Doc. 11 at 5-10). Substantively, Respondent argued Petitioner is ineligible for relief under *Johnson* because "residential burglary" in New Mexico meets the definition of "burglary" in § 924(e). (CV Doc. 11 at 10-16).

In her PFRD, Judge Garza found that Petitioner did not waive his right to collaterally attack his sentence. (CV Doc. 12 at 3-6). According to Judge Garza, the plea agreement is at the very least ambiguous, and ambiguity must be resolved in Petitioner's favor. (CV Doc. 12 at 5). Next, applying the categorical approach, Judge Garza found "residential burglary" in New Mexico matches "burglary" as defined by federal law. (CV Doc. 12 at 6-9). Accordingly, procedural issues aside, Judge Garza found Petitioner's convictions were correctly determined to be crimes of violence. (CV Doc. 12 at 9). Judge Garza declined to reach Respondent's arguments regarding timeliness or forfeiture.

Petitioner timely objected to the PFRD. (CV Doc. 13). Petitioner now argues that the New Mexico statute defining burglary does not match the federal definition of

3

burglary. (CV Doc. 13 at 3). Specifically, Petitioner argues that "burglary" under federal law requires entry into or remaining in a building or other structure, while burglary in New Mexico includes burglary of a garage attached to a home. (CV Doc. 13 at 4). Petitioner asserts that these definitions do not match, therefore his convictions are not for "violent felonies" and he is serving an unconstitutional sentence. (CV Doc. 13 at 5-6). Petitioner also cursorily argues the government has not proved he was convicted of a violent felony under the modified categorical approach. (CV Doc. 13 at 4).

Respondent both objected to the PFRD and responded to Petitioner's Objections. (CV Docs. 14, 15). Respondent does not object to Judge Garza's analysis; rather, Respondent requests the Court decide the procedural issues Judge Garza declined to reach. (CV Doc. 14 at 1-2). Petitioner did not respond to Respondent's Objections, and the time for doing so has passed. D.N.M.LR-Civ. 7.4(a). Respondent objected to Petitioner's mention of the modified categorical approach as an impermissible new argument. (CV Doc. 15 at 2).

**II.     Analysis**

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A party may respond to another

party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. FED. R. CIV. P. 72(b).[2]

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *U.S. v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also U.S. v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

   A. *Petitioner's Objection*

In this case, Petitioner objects to Judge Garza's proposed finding that residential burglary in New Mexico meets the federal definition of burglary. (CV Doc. 13 at 3). As Judge Garza explained, the definition of burglary in § 924(e) is a question of federal law. *Taylor v. U.S.*, 495 U.S. 575, 590-92 (1990). "Burglary" in § 924(e), as defined by its "generic, contemporary meaning," includes three basic elements: (1) unlawful or unprivileged entry into, or remaining in, (2) a building or structure, (3) with intent to commit a crime. *Id.* at 598-99.

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

5

In determining whether a particular conviction meets the generic, contemporary definition, courts apply "a formal categorical approach, looking only to the statutory definitions . . . and not to the particular facts underlying those convictions." *Id.* at 600. If the state's statutory definition "'substantially corresponds to generic burglary,' our inquiry is at an end." *U.S. v. Ramon-Silva*, 608 F.3d 663, 665 (10th Cir. 2010) (quoting *Taylor*, 495 U.S. at 602). If the state statute "proscribes a range of conduct" broader than the generic definition, courts may "employ a modified-categorical approach that 'goes beyond the mere fact of conviction' and determines whether 'the charging paper and jury instructions'" required finding the elements of generic burglary. *Id.* (quoting *Taylor*, 495 U.S. at 602).

Petitioner was convicted of "residential burglary." (CV Doc. 6 at 2, 4, 5, 6, 8, 9; CR Docs. 67 at 4; 96-1 at 4-7). In New Mexico, "[a]ny person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein" commits residential burglary. N.M. Stat. Ann. § 30-16-3(A) (West 2017); *see State v. Brown*, 830 P.2d 183, 184 (N.M. Ct. App. 1992); *State v. Ross*, 665 P.2d 310, 313 (N.M. Ct. App. 1983). In comparing "residential burglary" to "burglary" as defined in *Taylor*, the elements almost exactly line up: entry "without authorization" equates to "unlawful or unprivileged" entry; a "dwelling house" is a "building or structure;" and "intent to commit any felony or theft therein" matches "intent to commit a crime." Thus, New Mexico's definition of residential burglary substantially corresponds with the generic, contemporary definition of burglary.

Petitioner protests that New Mexico's definition of "burglary" proscribes a broader range of conduct than the generic definition because residential burglary includes

6

burglary of a garage attached to a home. (CV Doc. 13 at 3-4). Judge Garza addressed this argument in her PFRD. (CV Doc. 12 at 9). As before, Petitioner does not explain how a garage is not a "building or structure," even if it is attached but not internally connected to a home. *See State v. Lara*, 587 P.2d 52, 53 (N.M. Ct. App. 1978) (holding a garage that shared a wall but not a doorway with a home was a part of the "dwelling" for purposes of residential burglary); *see also building*, Black's Law Dictionary (10th ed. 2014) (defining "building" as "a structure with walls and a roof, esp. a permanent structure").

Petitioner cites *United States v. Grisel*, 488 F.3d 844, 848 (9th Cir. 2007), and *United States v. Mayer*, 162 F.Supp.3d 1080 (D. Or. 2016) in support of his objection. In addition to being non-binding out of circuit authority, those cases are distinguishable. Both cases considered Oregon's burglary statute and held that Oregon's definition of burglary exceeded *Taylor*'s because Oregon includes non-structures like vehicles and boats within its definition of burglary. *Grisel*, 488 F.3d at 850; *Mayer*, 162 F.Supp.3d 1085-86. As discussed, Petitioner was convicted in particular for burglarizing dwelling houses–not of burglarizing motor vehicles or boats.

Accordingly, the Court agrees with Judge Garza's analysis that Petitioner is ineligible for relief under *Johnson*. Under the categorical approach, "residential burglary" in New Mexico substantially corresponds with the generic, contemporary definition of burglary espoused in *Taylor*. Because Petitioner's predicate convictions were for violent felonies, he was correctly considered an armed career criminal. Petitioner's objection is overruled. To the extent Petitioner raised a new argument regarding the modified

categorical approach, the Court finds that argument waived by Petitioner's failure to raise it in his Motion.

### B. *Respondent's Objection*

Respondent's only request is that the Court decide the procedural issues Judge Garza declined to reach. (CV Doc. 14 at 1-2). In the interests of judicial restraint and economy, the Court declines to do so. Respondent offered no reason why the Court should decide their procedural arguments when the substantive issue is dispositive. Indeed, Respondent merely referenced its prior arguments and requested the Court decide the issues.

### III. Conclusion

For the foregoing reasons, the Court finds that Judge Garza conducted the proper analysis and correctly concluded that Petitioner's Motion should be denied. The parties' objections are overruled.

**IT IS HEREBY ORDERED** that Judge Garza's *Proposed Findings and Recommended Disposition*, (CV Doc. 12), should be **ADOPTED**. Petitioner's *Amended Motion to Vacate a Criminal Sentence Pursuant to 28 U.S.C. § 2255 (*Johnson v. United States*)* (the "Motion"), (CV Doc. 6), will be **DENIED**.

_____
THE HONORABLE C. LEROY HANSEN
SENIOR UNITED STATES DISTRICT JUDGE